UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

DECISION AND ORDER

-vs-

98-CR-6092 CJS

ALBERT JEFFERSON, JR. 08472-055,

Defendant
_____

## INTRODUCTION

Now before the Court is the *pro se* defendant's motion [#55], made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the application is denied.

## BACKGROUND

Defendant was convicted after a jury trial of violating 18 U.S.C. §§ 922(g) and 924(a)(2), and was sentenced to 63 months in prison. The Court entered judgment in the case on February 17, 2000. Defendant appealed his conviction, arguing that the undersigned improperly imposed a four-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(5). The United States Court of Appeals for the Second Circuit affirmed the conviction on September 29, 2000, finding that this Court properly imposed the four-level enhancement. Following this decision by the Second Circuit, defendant did not take any action with regard to this case for almost five years.

Then, on June 8, 2005, defendant filed the subject application, styled as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Specifically, the

1

application states that it is

> [u]nder Fed. R. Civ. P. 60(b) alleging that [the] integrity of his sentencing proceeding was violated when this honorable sentencing court unconstitutionally enhanced petitioner four levels for criminal contempt in the first degree because petitioner [sic] was never found guilty beyond a reasonable doubt by the jury.

Motion [#55]. Upon receiving this application, the Court issued a Decision and Order [#56], informing defendant that the Court was inclined to treat the application as a petition pursuant to 28 U.S.C. § 2255, but noting that, in accordance with *Adams v United States*, 155 F.3d 582 (2d Cir. 1998), the Court would not convert the application to a petition under 28 U.S.C. § 2255 without his agreement. The Court further noted that, "[i]t appears . . . that this motion should be barred under 28 U.S.C. § 2255 and Rule 9 of the Rules Governing Section 2255 Cases in the United States District Courts. Specifically, it has been in excess of one year since [defendant's] conviction became final." Defendant responded to the Decision and Order, asking the Court to "rule on the merits of his '60(b) motion] without re-characterizing his motion as a motion made under § 2255." Response [#57].

## ANALYSIS

Defendant has now clarified that he does not wish the Court to treat his motion as an application pursuant to 28 U.S.C. § 2255. Rather, despite the fact that this is a criminal matter, defendant brings the subject motion pursuant to Rule 60 of the Rules of Civil Procedure. Rule 1 of the Federal Rules of Civil Procedure states that, "[t]hese rules govern procedure in the United States district courts in all suits of a *civil* nature."

(Emphasis added). Consequently, defendant may not collaterally attack his criminal sentence in this matter. See, e.g., *U.S. v. Arroyo,* — F.Supp.2d —, 2005 WL 2508403 at *2 (D.Conn. Sep. 1, 2005) ("Neither can I find any other authority--outside of section 2255--that would allow me to vacate a criminal judgment under the present circumstances. There is, for example, no analogue in the Federal Rules of Criminal Procedure to Rule 60(b)(6) of the Federal Rules of Civil Procedure, which allows a district court to grant a party relief from judgment for 'any other reason justifying relief from the operation of judgment' at any time.'").[1] Defendant may be confused in this regard, since it is possible to use Civil Rule 60(b) to seek relief from a judgment in a civil case brought under 28 U.S.C. § 2255. However, he would first have to file a petition under 28 U.S.C. § 2255. Not only has he not done that, but, as discussed earlier, it clearly appears that any such petition would be time barred.

## CONCLUSION

Defendant's motion [#55] is denied.

So Ordered.

Dated:    Rochester, New York
          November 1, 2005

ENTER:

_____
CHARLES J. SIRAGUSA
United States District Judge

---

[1] *See also, U.S. v. Moon,* 2005 WL 2330407 at *1 (11th Cir.) (C.A.11,2005) (Unpublished) (Noting that defendants "are not entitled to relief under Fed.R.Civ.P. 60(b), as they cannot use the rules of civil procedure to challenge their criminal convictions. *See* Fed.R.Civ.P. 1.").